IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PLAN PROS INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV136 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WILLIAM J. TORCZON, | ) | |
| INFINITY HOMES, INC., | ) | |
| COBBLESTONE HOMES, INC., | ) | |
| BRIAN W. TORCZON, | ) | |
| DARLENE M. TORCZON, | ) | |
| CHRIS WILDRICK, | ) | |
| EDWARD BLAINE, | ) | |
| NP DODGE REAL ESTATE SALES, INC., | ) | |
| BETTY MAY SULLIVAN, Trustee, | ) | |
| ANNA M. EGEA, | ) | |
| FRANCIS ROY, Trustee, and | ) | |
| ALICE ROY, Trustee, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion to Withdraw as Counsel of Record for Defendants (Filing No. 28) filed by the law firm of Stinson Morrison Hecker LLP and attorneys Mark J. Peterson, Nora M. Kane and Victor C. Padios.[1] These attorneys seek leave to withdraw as counsel for the defendants Infinity Homes, Inc., Cobblestone Homes, Inc., William J. Torczon, Brian W. Torczon, Darlene M. Torczon, Chris Wildrick, Betty May Sullivan, Ann M. Egea, Francis Roy, and Alice Roy (collectively known as the Infinity Defendants). The movants have served their motion on each of their clients. The court notes no substitute counsel has entered an appearance.

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

Under the circumstances, the court will allow each of the Infinity Defendants an opportunity to respond to the motion. Additionally, since no substitute counsel has yet appeared in this matter for the corporate defendants, the movants will not be granted leave to withdraw at this time. The Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996); **see also** *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir. 1993) (noting that a corporation may not appear *pro se*); *Carr Enters., Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel"). In fact, according to the Eighth Circuit, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. *Ackra Direct*, 86 F.3d at 857. Therefore, the court concludes counsel shall not be given leave to withdraw as attorney for the corporate defendants until substitute counsel has entered an appearance or other order of the court. The corporate defendants shall have an opportunity to obtain substitute counsel. Accordingly,

**IT IS ORDERED:**

1. The Motion to Withdraw as Counsel of Record for Defendants (Filing No. 28) is held in abeyance.

2. Each of the Infinity Defendants shall have to **on or before September 12, 2008**, to respond to the motion to withdraw by filing a brief with the Clerk of Court. If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted. If the motion to withdraw is granted and substitute counsel has not entered an appearance, the individual defendants will be considered proceeding *pro se* and counsel for the other parties may communicate with the individual defendants directly regarding this case. If Infinity Homes, Inc. and/or Cobblestone Homes, Inc. fail to have substitute counsel enter an appearance by that date the court may strike the answer of Infinity Homes, Inc. and/or Cobblestone Homes, Inc. and enter default.

3. Moving counsel shall serve a copy of this order on each of the Infinity Defendants and file a certificate of such service with the court.

    4.       The parties' deadline for filing a joint planning conference report pursuant to Fed. R. Civ. P. 26(f) is extended **until October 10, 2008**.

DATED this 12th day of August, 2008.

                                                      BY THE COURT:

                                                      s/Thomas D. Thalken  
                                                      United States Magistrate Judge