IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PLAN PROS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV136 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM J. TORCZON, INFINITY HOMES, INC., COBBLESTONE HOMES, INC., BRIAN W. TORCZON, DARLENE M. TORCZON, CHRIS WILDRICK, EDWARD BLAINE, NP DODGE REAL ESTATE SALES, INC., BETTY MAY SULLIVAN, Trustee, ANNA M. EGEA, FRANCIS ROY, Trustee, and ALICE ROY, Trustee, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on the motion, Filing No. 82, of defendants Betty May Sullivan, Anna M. Egea, and Francis and Alice Roy (hereinafter "homeowners") to dismiss the plaintiff's amended complaint, Filing No. 79, pursuant to Fed. R. Civ. P. 12(b)(6). This is an action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq*. Homeowners contend that there are no allegations in the amended complaint that the homeowners infringed on plaintiff's alleged copyright. The court agrees and will grant the motion to dismiss.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n.3. (2007) (*quoting* Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the

. . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*quoting Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* — U.S. —, —,129 S. Ct. 1937, 1940 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal,* 129 S.Ct. at 1940-41. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and

common sense." *Id.* at —, 129 S. Ct. at 1950. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly,* 550 U.S. at 555; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Twombly,* 550 U.S. at 558; *Iqbal*, — U.S. at —, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'-'that the pleader is entitled to relief.'").

Plan Pros creates, publishes and sells its architectural house designs and plans. It claims to be the sole owner and proprietor of copyrights for certain house plans/designs in books, handouts, pamphlets and on the Internet. Plan Pros contends that the non-homeowner defendants infringed on its copyrights in violation of 17 U.S.C. § 101 and §§ 106(1) and (2). Plan Pros requests injunctive relief against the non-homeowners including the structures owned by the homeowners.

The homeowners contend, and this court agrees, that there are no allegations of copyright infringement against the homeowners in Plan Pro's amended complaint. The homeowners argue therefore that they are entitled to judgment as a matter of law. *See* [*Scholz Design, Inc. v. Jaffe,* 242 F.R.D. 449, 451 (N.D. Ill. 2006)](#) (any copying of design done by architect not homeowners); [*Scholz Design, Inc. v. Bassinger Bldg. Co.,* 2006 WL 3031388 *6 (E.D. Mich. October 23, 2006)](#) (same).

Plan Pros argues that the homeowners' motion is premature as it is seeking an injunction, only after a finding of infringement is made. Filing No. [84](#). Apparently Plan Pros wants the homeowners enjoined from selling their homes. Judge Lyle Strom recently decided the *Zych* case and dismissed the homeowners from a similar lawsuit. *See* [*Plan Pros v. Zych Construction,* 2009 WL 928867 (D. Neb. March 31. 2009)](#). Plan Pros argues this case is distinguishable, as the *Zych* lawsuit did not clearly request injunctive relief. After reviewing the *Zych* case, the court disagrees. In *Zych*, Judge Strom was faced with a similar complaint with multiple defendants, including homeowners like the ones in the case before this court. Judge Strom determined that Plan Pros made no claim of infringement against the homeowners and dismissed them from the lawsuit.

The court finds the amended complaint, even with all allegations construed as true and in favor of the plaintiff, does not contain any viable cause of action against the homeowners. An injunction in and of itself is not a claim against a party. Plan Pros has not stated any claim whatsoever against the homeowners. The court agrees with the analysis set forth in *Zych* by Judge Strom that Plan Pros failed to state or allege any cause of action against the homeowners for either copyright infringement or for a declaratory

judgment. *See Zych* at *2. Accordingly, the case will be dismissed as to Betty May Sullivan, Anna M. Egea, and Francis and Alice Roy.

THEREFORE, IT IS ORDERED that the motion to dismiss by Betty May Sullivan, Anna M. Egea, and Francis and Alice Roy, Filing No. 82, is granted, and these parties are dismissed as defendants from this lawsuit.

DATED this 1st of September, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5