# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PLAN PROS, INC., | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| WILLIAM J. TORCZON; INFINITY HOMES, INC.; COBBLESTONE HOMES, INC.; BRIAN W. TORCZON; DARLENE M. TORCZON; CHRIS WILDRICK; EDWARD BLAINE; and NP DODGE REAL ESTATE SALES, INC., | )    8:08CV136<br>)<br>)    MEMORANDUM AND<br>)    ORDER<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the magistrate judge on the motion (Filing 63) of Plan Pros, Inc. ("PPI") to compel discovery from defendants William J. Torczon, Brian W. Torczon, Darlene M. Torczon, Infinity Homes, Inc. and Cobblestone Homes, Inc. (together, "Torczons"). The motion has been fully briefed. The court has reviewed Filings 63, 64, 65, 66, 67, 68, 69, 70 and 73, and plaintiff's supplemental evidence index, Filing 91.

## BACKGROUND

Plaintiff ("PPI") is engaged in the business of the publishing and licensing of architectural designs. On May 21, 2009, plaintiff filed an amended complaint (Doc. 79) for copyright infringement, alleging that Infinity Homes, Inc. and Cobblestone Homes, Inc. created infringing copies of PPI's house plans, and built one or more infringing structures in this district. Torczons are all principals of Infinity and Cobblestone and allegedly directed and/or assisted in the infringing activities. PPI seeks injunctive and declaratory relief, and damages for both willful and non-willful

infringement of two copyrights.[1]  PPI further demands an accounting by the defendants of their activities in connection with the alleged infringements and the defendants' gross profits and revenue attributable to said infringements; recovery of all direct and indirect profits attributable to the alleged infringements; attorney's fees and court costs; and, in the alternative, statutory damages up to $150,000 per infringement.

The Torczon defendants deny infringing PPI's copyrights and, by counterclaim (Doc. 26 at ¶¶ 59, *et seq*.), seek declarations of noninfringement and invalidity of PPI's copyrights.  Torczons have also raise 13 affirmative defenses, including allegations that they were granted a license to use PPI's work; PPI's claims are barred by the statute of limitations; PPI's claims are barred by the doctrines of acquiescence, estoppel, waiver, unclean hands, or laches; and PPI failed to mitigate its damages.[2]

In October 2008, PPI served interrogatories and requests for production of documents on the Torczon defendants.  The discovery requests at issue in this motion were served on William J. Torczon, Brian W. Torczon and Darlene M. Torczon, who served responses on December 19, 2008. Plaintiff has complied with the requirements of NECivR 7.1(i) and Fed. R. Civ. P. 37(a)(1).

## LAW

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information

---

[1] PPI alleges that it owns certain rights in and to Blueprint Copyright Registration Number VA1-173-508 and Architectural Works Copyright Registration Number VA1-180-762.

[2] *See* Answer to Plaintiff's Amended Complaint, Doc. 87 at ¶¶ 44-56, and Amended Answer and Counterclaim, Doc. 26 at ¶¶ 43-58.

need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

All discovery is subject to the limitations imposed by Rule 26(b)(2), and the court must limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> 
> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or
> 
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

This court has previously taken the position that when the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. at 671. If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Id*.

A.   **Request for Production No. 11**, for "Originals of all blueprints, sketches, line drawings, and all other layouts of floor plans for every house [Torczons] have built – as well as those planned to be built, but were not built, since January 1, 1998."  Doc. 91-4 at pp. 3-4.

As a result of Judge Strom's orders on similar issues in *Plan Pros, Inc. v. Zych*, Case No. 8:08CV125, the defendants ultimately agreed to produce these items for inspection on September 1, 2009.  Doc. 90 at p. 2, ¶ 4; Doc. 92 at p. 1, ¶ 1.  The motion will be denied as moot as to Request No. 11.

B.   **Request for Production No. 6 and related Interrogatory No. 2.**  Plaintiff requested "Originals of all documents relating to and/or concerning all facts supporting each and every affirmative defense raised" by Torczons.  The related interrogatory provides:

> Identify each and every document and tangible thing reviewed or relied upon in the preparation of answers to the interrogatories directed to you, Infinity Homes, Inc., and Cobblestone Homes, Inc., and as to each such document or item so identified, indicate the specific interrogatory or interrogatories[3] with respect to which said document(s) or item(s) was/were reviewed and/or relied upon.

In response, the Torczons objected to the document request as "premature" because PPI had not yet responded to *their* discovery requests.  Torczons then "refer[red] Plaintiff to the documents produced in response to Plaintiff's Request for Production and in conjunction with Defendants' Rule 26 Disclosures."  As to the interrogatory, the Torczons also "refer[red] Plaintiff to the documents

---

[3] PPI's Interrogatory No. 9 directs the defendants to "Describe – in as much detail as you ever intend to use in this case – all facts supporting each affirmative defense raised by you."  The Torczons objected to Interrogatory No. 9 as premature pursuant to "Fed. R. Civ. P. 33(c)."  Doc. 91-3 at p. 4.  The current version of Rule 33(c), which became effective December 1, 2007, provides: "An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence."  The court assumes that the Torczons' objection is based on a superseded version of Rule 33.  Rule 33(a)(2) now provides, in part, that "the court may order that the interrogatory need not be answered until designated discovery is complete ... or some other time."

previously identified in connection with Defendants' Rule 26 Disclosures [and] to the documents identified in response to Plaintiff's First Request for Production of Documents."

Fed. R. Civ. P. 34(b)(2) governs responses and objections to requests for production of documents. The rule provides:

> (E) ***Producing the Documents or Electronically Stored Information.*** Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i)   A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii)  If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

There is simply no legal basis for Torczons' summary dismissal of PPI's request as "premature." "[D]iscovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(2)(B). Torczons are advised that their obligation to respond to PPI's discovery requests is not contingent on PPI's responding to Torczons' discovery requests. PPI simply requested identification and production of documents relating to the factual basis for Torczons' affirmative defenses, assuming that there is a factual basis for the affirmative defenses, *see* Fed. R. Civ. P. 11(b). Torczons' objections to Request No. 6 and Interrogatory No. 2 as being "premature" are denied.

Apparently, PPI has identified 11 allegedly infringing structures, and the Torczons have produced "the file for each house identified in Plaintiff's Complaint" in the same manner and order that the documents appear in each file. Rule 34(b)(2)(E)(i) does allow a party to produce documents as they are kept in the usual course of business; however, the language of Torczons' response to

Request No. 6, and particularly the statement that the request was "premature," suggests that the house files are not fully responsive to PPI's request.  For example, based on the information contained in the Declaration of William J. Torczon (Doc. 69-2), it does not seem likely that the individual house files he produced would contain information relating to Torczons' being granted a license to use PPI's work; why PPI's claims are barred by the statute of limitations; why PPI's claims are barred by the doctrines of acquiescence, estoppel, waiver, unclean hands, or laches; and how PPI failed to mitigate its damages.  Torczons' written arguments rely entirely on Rule 34 and contain no discussion of their obligation under Fed. R. Civ. P. 33 to answer PPI's Interrogatory No. 2.  The court notes that defense counsel took the position in a letter dated January 29, 2009 (Doc. 65-4) that since counsel "did not review any specific documents for the purpose of responding to any specific interrogatory," the Torczons were absolved of any obligation to meaningfully respond to Interrogatory No. 2 by identifying the documents specifically relating to their affirmative defenses. *But cf.* Fed. R. Civ. P. 26(g) (requiring counsel to conduct a reasonable inquiry before objecting to an interrogatory or document request).

Undoubtedly, the Torczons have produced many documents as they are kept in the usual course of business; however, the Torczons do not appear to state that the individual house files constitute their complete response to PPI's request No. 6.  Although Torczons vaguely referred PPI (and the court) to their Rule 26(a)(1) initial disclosures as being responsive, it does not appear that the initial disclosures consisted of documents produced as they are kept in the usual course of business.  The arguments presented in the Torczons' briefs do not address their obligation under Fed. R. Civ. P. 33(a)(2) to answer contention interrogatories.  The Torczons have failed to persuade this

court that they should be allowed to respond to PPI's Interrogatory No. 2 by producing business records pursuant to Fed. R. Civ. P. 33(d).

Torczons' affirmative defenses were first raised in their Amended Answer on July 28, 2008. Again, the court presumes that the Torczons raised these defenses in compliance with Fed. R. Civ. P. 11(b). As of February 4, 2009, however, the Torczons advised opposing counsel that they were "still in the process of developing those facts that will support our various affirmative defenses." Counsel did volunteer the information that "all of the documents produced support the affirmative defenses listed in Paragraphs 44, 45 and 46 of the Amended Answer."[4] Doc. 66-3 at p. 2.

The issues in this case involve more than the 11 individual houses identified to date. Under the circumstances, the court agrees with PPI that the Torczons' "7800 page document dump" does not satisfy their obligations under Rules 26, 33 and 34 to conduct a reasonable inquiry and fully respond to PPI's Request No. 6 and Interrogatory No. 2.

Torczons are directed to immediately conduct a reasonable inquiry and to serve supplemental responses to PPI's Request No. 6 and Interrogatory No. 2 specifically identifying the documents that relate to their affirmative defenses, and the affirmative defense to which each document relates. The supplemental responses shall be served no later than **October 5, 2009.** Failure to timely serve supplemental responses may, upon proper motion, result in the court imposing sanctions such as

---

[4]The relevant paragraphs of the Amended Answer (Doc. 26) provide:
    44. Plaintiff fails to state a claim upon which relief can be granted.
    45. Defendants did not copy the Plaintiff's work.
    46. Defendants have not infringed, and are not infringing the Plaintiff's copyright either directly, contributorily, by inducement, or otherwise.
These affirmative defenses were reasserted at paragraphs 45, 46 and 47 of Torczons' Answer to Plaintiff's Amended Complaint (Doc. 87).

striking the Torczons' affirmative defenses or prohibiting Torczons from introducing evidence in support of their affirmative defenses.  *See* Fed. R. Civ. P. 37(b)(2) & (c)(1).

    **C.**    **Request for Production No. 21**, for

> A detailed transaction report (i.e. – income/cost/expense ledger) for each and every house you, or any entity with which you have been affiliated have built (whether sold or not) from January 1, 2003 – present.  This request seeks production of all digital accounting data on a project-by-project, house-by-house basis, such as Microsoft XLS, Sage Peachtree Software, Intuit Quickbooks/Quickpay, and the like, and includes any and all such data spreadsheets with which you sought or acquired loans.  Please produce this information on CD-ROM, as well as paper printed "hard" copies.  [If you wish, a reasonably-worded confidentiality agreement or order will be considered for these documents.]

Filing 91-4 at p. 6.  The Torczon defendants agreed to produce responsive documents for the 11 houses specifically at issue in this case, but otherwise objected to the request as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information.

In *Plan Pros, Inc. v. Zych*, 2009 WL 2020787, No. 8:08CV125 (D. Neb.,July 8, 2009), Judge Strom held that a similar request for amounts paid to the defendant designer/builder for work done on all other projects was irrelevant to the issues in the case "unless and until those projects are shown to infringe copyrights."  In this case, I find that PPI's Request No. 21 should be limited to the 11 allegedly infringing structures that have been identified to date.

PPI specifically requested "digital accounting data on a project-by-project, house-by-house basis, such as Microsoft XLS, Sage Peachtree Software, Intuit Quickbooks/Quickpay, and the like..." The record shows that the spreadsheets provided by the Torczons were not produced "as they are kept in the usual course of business," and the information was not produced in the form or forms in which it was ordinarily maintained.  *See* Fed. R. Civ. P. 34(b)(2)(E).  The record shows that

Torczons allowed their attorney access to their computer files. Counsel states that he "obtained digital versions" of the "financial reports / spreadsheets" for each of the houses identified in the complaint. The data was generated "by a Quickbooks program in Microsoft Excel format." The converted data was transferred onto a CD and given to plaintiff's attorney. Doc. 69-3, Declaration of Patrick S. Cooper at ¶¶ 6-7.

PPI objects to the production of this data in Microsoft Excel format instead of its original Quickbooks format because "[t]he electronic data within QuickBooks is filled with *metadata*, which can inform PPI of *when* the expenses for the accused structures were input, and will provide hyper links to the source data for the income and expense figures on the spreadsheet." Doc. 64, Plaintiff's Brief at pp. 15-16 (emphasis in original). "When the conversion [to Microsoft Excel] is made, all functionality including links to source documents are lost, and the document becomes as static as an Adobe PDF." Doc. 73, Plaintiff's Reply Brief at p. 6.

PPI has demonstrated that Torczons' production, while in a digital format, was essentially redacted by counsel and was not produced in the form or forms in which it was ordinarily maintained. The reason given for providing redacted information was that Mr. William J. Torczon objected to producing "other financial data maintained in Quickbooks" which would entail the disclosure of detailed financial information about his entire business since its inception. As discussed above, the court has limited PPI's request to the 11 structures now at issue. Torczons have not argued that it is not possible to produce responsive information regarding the 11 contested structures in the original Quickbooks format.

The motion to compel is granted, in part, as to PPI's Request No. 21. Torczons are ordered to produce responsive financial records, in the original Quickbooks format, pertaining to the 11 contested structures. If the Quickbooks records are not be produced by October 5, 2009, defense counsel shall show cause on that date, by written affidavit, why the records cannot be produced in their original format.

**D.     Interrogatory No. 18** provides:

> Identify each and every house plan book, including promotional materials if they included floor plans that you ... have possessed, whether purchased, received as a gift or on loan, in the past five (5) years. Provide the date purchased, place/business where purchased, title, date of publication, ISBN, and publisher's name and address.

The Torczons did not object to this interrogatory, and provided the following response:

> The Torczon Defendants receive hundreds of plan books and promotional materials in the mail each year but do not routinely keep copies of those materials. The only responsive materials currently in the possession of Bill Torczon are (1) a book from Design Basics obtained in the late 1990's; and (2) annual magazines from the Kansas City Parade of Homes for approximately the past five years.

The interrogatory did not ask whether the Torczons routinely kept copies of plan books and promotional materials, and the interrogatory is not limited to the materials currently in their possession. The response is silent as to defendants Brian W. Torczon and Darlene Torczon, to whom the request was specifically directed, and does not demonstrate that a reasonably inquiry was conducted.

The Motion to Compel is granted as to Interrogatory No. 18. Torczons are ordered to conduct a reasonable inquiry to identify the plan books and promotional materials that have been in the possession of Mr. Bill Torczon, Mr. Brian Torczon and Ms. Darlene Torczon during the five (5)

years preceding the filing of the complaint. They shall then supplement their responses to Interrogatory No. 18, under oath, as required by Fed. R. Civ. P. 33(b)(3), no later than **October 5, 2009.**

## ORDER

For the reasons discussed above,

**IT IS ORDERED** that the plaintiff's Motion to Compel (Doc. 63) is granted in part, and denied in part, as follows:

1. The motion is denied as moot as to plaintiff's Request for Production No. 11.

2. The motion is granted as to plaintiff's Request for Production No. 6 and Interrogatory No. 2. Torczons shall immediately conduct a reasonable inquiry and shall serve supplemental responses to PPI's Request No. 6 and Interrogatory No. 2, specifically identifying the documents that relate to their affirmative defenses, and the affirmative defense to which each document relates. The supplemental responses shall be served no later than **October 5, 2009.**

3. The motion is granted in part, and denied in part, as to as to PPI's Request No. 21. Torczons are ordered to produce responsive financial records, in the original Quickbooks format, pertaining to the 11 contested structures. If the Quickbooks records are not produced **by October 5, 2009,** defense counsel shall show cause on that date, by written affidavit, why the records cannot be produced in their original format.

4. The motion is granted as to Interrogatory No. 18. The defendants shall conduct a reasonable inquiry and shall then supplement their responses to Interrogatory No. 18, under oath, as required by Fed. R. Civ. P. 33(b)(3), no later than **October 5, 2009.**

**DATED September 18, 2009.**

                                               **BY THE COURT:**

                                               s/ F.A. Gossett
                                               **United States Magistrate Judge**